UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AARON JOXTISH PRAKASH,

               Petitioner,

    v.

PAMELA BONDI, et al.,

               Respondents.

Case No. C26-1201-SKV

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Aaron Joxtish Prakash is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.  He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. 3. Petitioner, who is proceeding pro se, asserts that he is entitled to release from custody because his removal is not reasonably foreseeable and his continued detention is therefore in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *See id*. at 3.  A later-filed motion seeking a temporary restraining order ("TRO") clarifies that Petitioner also claims that his Fifth Amendment due process rights have been violated.  *See* Dkt. 9 at 2.  Petitioner seeks release from custody and injunctive relief barring ICE from re-detaining him without 72 hours of notice and a reason, and injunctive relief prohibiting his deportation unless a valid identity document is filed with the

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 1

Court.[1]  *See* Dkt. 3 at 3.  Respondents filed a joint return to the petition and opposition to the TRO motion, *see* Dkt. 12, as well as supporting declarations and excerpts from Petitioner's immigration file, *see* Dkts. 13–14.  Petitioner filed a reply.  *See* Dkt. 15.

The Court, having considered the parties' submissions and the governing law DENIES the petition for writ of habeas corpus and DENIES Petitioner's motion for a TRO.

I.   BACKGROUND

Petitioner is a native and citizen of Fiji.  *See* Dkt. 3 at 3; Dkt. 14-3 at 3.  He came to the United States in 1989 on a non-immigrant visitor visa and adjusted to lawfully admitted permanent resident status in 2002.  *See* Dkt. 3 at 3; Dkt. 14-3 at 3; Dkt. 14-4 at 2.

On March 21, 2013, Petitioner pled guilty to possession of a stolen firearm and was sentenced by the Clark County Superior Court to 366 days of incarceration.  *See* Dkt. 14-1 at 7, 9.  On October 16, 2019, an Immigration Judge ("IJ") ordered Petitioner removed to Fiji following removal proceedings that Petitioner attended with his immigration attorney.  *See* Dkt. 14-4 at 3, 13.  Petitioner appealed that order to the Board of Immigration Appeals ("BIA").  *See* Dkt. 14-5 at 2.  On February 25, 2025, the BIA dismissed his appeal.[2]  *See id.* at 3.

The timing and circumstances of Petitioner's arrest are contested but not clearly challenged by Petitioner.  Petitioner asserts that he has been detained since October 31, 2026, that he was arrested without a warrant at his home, and that he has not been provided a Notice to Appear or a hearing before an Immigration Judge ("IJ").  *See* Dkt. 3 at 2; Dkt 9 at 1–2.

---

[1] In his TRO motion, Petitioner asks the Court for additional relief, including an order directing the warden at NWIPC to release him so that he can attend his father's funeral or to allow him to attend by video call.  *See* Dkt. 9 at 2.  The question before the Court in this habeas case is whether Petitioner is being unlawfully held.  The propriety of temporary or compassionate release is beyond the scope of this action, and the Court declines to address it.

[2] Petitioner indicates in his petition that he did not appeal to the BIA, but the record refutes that assertion.  *See* Dkt. 3 at 2; Dkt. 14-5 at 2.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 2

Respondents contend that Petitioner was arrested on October 30, 2025, in Salt Lake City following a traffic stop.  *See* Dkt. 12 at 4; Dkt. 13 at 2.  They filed copies of the Notice to Appear served on Petitioner in 2013 after his conviction, *see* Dkt. 14-2 at 2, the IJ's order from the removal proceedings that ensued, and the BIA's order dismissing Petitioner's appeal, *see* Dkts. 14-4–14-5.

In March 2026, ICE received a travel document facilitating Petitioner's removal to Fiji.  *See* Dkt. 13 at 2; Dkt 14-7.  ICE subsequently scheduled him for an April 23, 2026, flight to Fiji.  *See* Dkt. 13 at 2.  On April 9, 2026, Petitioner filed a petition for writ of habeas corpus.  *See* Dkt. 3.  Petitioner's April flight was cancelled, and ICE rescheduled him for removal to Fiji in early May.  *See* Dkt. 13 at 2.

On April 24, 2026, Petitioner moved for a TRO to block his removal to Fiji and sought other relief.  *See* Dkt. 9.  The Court provisionally granted a TRO pending full briefing.  *See* Dkt. 11.  On May 1, 2026, after briefing on the petition and TRO motion was complete, Petitioner moved for appointment of counsel.  *See* Dkt. 16.

II.   <u>LEGAL STANDARD</u>

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15, 2026).  "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243.

///

///

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 3

III.   DISCUSSION

The Immigration and Nationality Act expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings. *See* 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a). Section 1231(a) governs the detention and release of noncitizens such as Petitioner who have been ordered removed, and it provides that the Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period." 8 U.S.C. § 1231(a)(2). After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision. *See* 8 U.S.C. § 1231(a)(6). Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely. *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States. *See id.* at 701. The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id.* "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* If the government is unable to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

Petitioner has not put forth any grounds to find his removal is not significantly likely in the reasonably foreseeable future. While Petitioner's detention has just crossed the six-month

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 4

mark, he is slated for removal in early May. Respondents have filed a copy of a valid Fiji travel document for Petitioner. They have also represented that Petitioner was booked on a flight to Fiji in April 2026 and is now rebooked on a flight for early May 2026. His removal appears unimpeded, supported by concrete plans, and imminent. Release is not warranted pursuant to *Zadvydas*.

Turning to Petitioner's Fifth Amendment claim, he does not clearly allege what process was due but denied to him.[3] He acknowledges that he has a final order of removal issued years ago, yet he appears to claim that removal would be improper without a fresh Notice to Appear and a hearing before an IJ. *See* Dkt. 3 at 3; Dkt. 9 at 1–2; Dkt. 15 at 3. The record indicates that, following his criminal conviction, Petitioner was ordered removed to Fiji by an IJ after a hearing Petitioner attended with counsel. Petitioner appealed the IJ's order but did not prevail. His filings offer no other facts or argument in support of his due process claim, and the Court finds it critically underdeveloped. Accordingly, Petitioner has not demonstrated that he is being unlawfully held due to a due process violation.[4]

### IV.    CONCLUSION

Petitioner has not demonstrated that his detention is indefinite or otherwise unlawful. Accordingly, his petition for writ of habeas corpus at Docket No. 3 is DENIED without

---

[3] Petitioner does not clearly assert a due process claim in his petition. While Petitioner references a case from this District in which a petitioner challenged his re-detention on due process grounds and under the Administrative Procedure Act, Petitioner does not clearly challenge the legality of his re-detention. *See* Dkt. 3 at 3. Instead, he appears to assert over the course of various filings that he was not shown an arrest warrant and that he is entitled to a new Notice to Appear and additional proceedings in immigration court before being deported. *See* Dkt. 9 at 1–2; Dkt. 15 at 2–3. Respondents address process previously accorded to Petitioner through removal proceedings in their return, opposition to the TRO motion, and supporting exhibits. They do not address the legality or circumstances of Petitioner's re-detention. The Court declines to construe Petitioner's filings as asserting a due process claim premised on his re-detention and confines its analysis to the facts and arguments he asserts with sufficient clarity to put Respondents on notice of his claim.

[4] To the extent Petitioner seeks to relitigate his removability, "a petition for review filed with an appropriate court of appeals . . . [is] the sole and exclusive means for judicial review of an order of removal[.]" 8 U.S.C. § 1252(a)(5).

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 5

prejudice.  Because Petitioner's claims fail on the merits, the Court DENIES his request for a TRO at Docket No. 9.  As this case is now fully resolved, Petitioner's request for appointment of counsel at Docket No. 16 is FOUND MOOT.

Dated this 6th day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS - 6